Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **IN RE:** | **CASE: 24-23670** |
| Martin David Jacks<br>Jennie Ann Jacks | **CHAPTER 13** |
| **Debtors** | **Hon. PEGGY HUNT** |
| | Confirmation Hearing: 11/19/24  10:30 am |

**TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE**

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

　　1. The Debtors filed a Chapter 13 petition for relief on July 24, 2024 and the First Meeting of Creditors under section 341 was continued and held on October 17, 2024.

　　2.  Based on review of the real property listed on Schedule A/B, the Trustee requests the Debtor(s) provide a better determination of value outside of the county property tax assessment. The Trustee reserves the right to object to best interest of creditors upon further evidence of value being provided.

　　3.　Mr. Jack's payment advices required by § 521(a)(1)(B)(iv) show <u>less</u> income than is reported on Schedule I.

　　4.　The Debtor(s) did not provide the Chapter 13 Trustee payment advices for the following pay period that falls within 60 days before the petition date, as required by 11 U.S.C. § 521(a)(1)(B)(iv); Bankr. Rule 1007(b)(1)(E); and Standing Order 12-002: <u>5/30/2024 and 6/15/2024 for Mr. Jacks</u>.  The Debtor(s) should timely file such payment advices or provide evidence that they did not receive payment advices for the relevant date.  If this issue is not resolved "within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." See 11 U.S.C. § 521(i)(1), Bankr. Rule 1007(b)-(c), and Local Rule 5005-1(b)(2)).

　　5.　The Trustee requests the Debtor(s) provide a copy of the ERC refund application and evidence of the date the application was submitted, as well as a breakdown of what cross over tax liabilities the refund will resolve.

　　6.　The Debtor(s) should establish notice of the Plan is proper as the separate certificate of service has not been filed for creditors listed in Part 3.2 or 3.4. See Federal Rule of Bankruptcy Procedure 3012 and 4003(d) and Local Rule 2083-2(h)(2) and (j)(2).

　　7.　The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: Internal Revenue Service and Utah State Tax Commission.

　　8.　The Debtor(s) have listed a monthly mortgage payment on their budget.  The Debtor(s) should provide proof that they are making post petition monthly mortgage payments consistent with the budget, or they should increase the plan payment by the amount of the mortgage payment they are not making.

9. The Debtor(s) propose to sell or refinance their real property to complete the case by month 30. The Trustee opposes an extension of time to complete the case beyond 36 months for lack of cause under 1322(d)(2). If the case is not completed by 36 months, the case must be dismissed by declaration of non-compliance and order of dismissal.

10. The Chapter 13 plan does not comply with the best-interest-of-creditors test of § 1325(a)(4). Based on the assets and debts listed in the statements and schedules, the Trustee has determined in a hypothetical Chapter 7 case that unsecured creditors would share a total distribution of approximately $91,149.00, while the current plan proposes a return of only $30,000.00 to unsecured creditors.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtors are unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: October 22, 2024                     Tami Gadd
                                            Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on October 22, 2024:

Martin David Jacks and Jennie Ann Jacks, 1737 Kerrybrooks Drive, Kaysville, UT  84037

Jennie Ann Jacks, 1737 Kerrybrooks Drive, Kaysville, UT  84037

DANE L. HINES, ECF Notification

/s/ Helen Doherty