Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **IN RE:** | **CASE: 24-23670** |
| Martin David Jacks<br>Jennie Ann Jacks | **CHAPTER 13** |
| **Debtors** | **Hon. PEGGY HUNT** |

### TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

**Restatement of Issues from Prior Objection(s):**

1. Based on review of the real property listed on Schedule A/B, the Trustee requests the Debtor(s) provide a better determination of value outside of the county property tax assessment. The Trustee reserves the right to object to best interest of creditors upon further evidence of value being provided.

2. Mr. Jack's payment advices required by § 521(a)(1)(B)(iv) show <u>less</u> income than is reported on Schedule I.

3. The Trustee requests the Debtor(s) provide a copy of the ERC refund application and evidence of the date the application was submitted, as well as a breakdown of what cross over tax liabilities the refund will resolve.

4. The Debtor(s) should establish notice of the Plan is proper as the separate certificate of service has not been filed for creditors listed in Part 3.2 or 3.4. See Federal Rule of Bankruptcy Procedure 3012 and 4003(d) and Local Rule 2083-2(h)(2) and (j)(2).

5. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: Internal Revenue Service and Utah State Tax Commission.

6. The Debtor(s) have listed a monthly mortgage payment on their budget. The Debtor(s) should provide proof that they are making post petition monthly mortgage payments consistent with the budget, or they should increase the plan payment by the amount of the mortgage payment they are not making.

7. The Debtor(s) propose to sell or refinance their real property to complete the case by month 30. The Trustee opposes an extension of time to complete the case beyond 36 months for lack of cause under 1322(d)(2). If the case is not completed by 36 months, the case must be dismissed by declaration of non-compliance and order of dismissal.

8. The Chapter 13 plan does not comply with the best-interest-of-creditors test of § 1325(a)(4). Based on the assets and debts listed in the statements and schedules, the Trustee has determined in a hypothetical Chapter 7 case that unsecured creditors would share a total distribution of approximately $91,149.00, while the current plan proposes a return of only $30,000.00 to unsecured creditors.

**Confirmation Issues Arising Since Last Filed Objection**

1. The following creditor objection(s) remain unresolved: Utah State Tax Commission and APG Financial.

2. Claim No. 11 for Nationstar Mortgage asserts a secured claim against the debtor, but the proof of claim is not accompanied by evidence that the security interest has been perfected as required by Bankruptcy Rule 3001(d). The attached title is unreadable. Counsel should review this claim and determine if it constitutes an allowed secured claim of if an objection should be filed to such claim.

3. Schedule D does not list every creditor that holds a secured claim; specifically, Nationstar Mortgage (claim 11) and Capital One Auto Finance (claim 8).

4. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claim(s): Nationstar Mortgage (claim 11) and Capital One Auto Finance (claim 8).

5. The Debtor's plan treats United Wholesale Mortgage as secured, but to date no claim has been filed. If no claim is filed prior to the deadline for creditors to file a claim, the Debtor should file a claim pursuant to FRBP 3004 on behalf of the creditor or amend the plan to remove the secured treatment.

6. The Debtor's plan treats APG Financial/Markosian as secured, but to date no claim has been filed. If no claim is filed prior to the deadline for creditors to file a claim, the Debtor should file a claim pursuant to FRBP 3004 on behalf of the creditor or amend the plan to remove the secured treatment.

7. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

8. The Trustee notes that although this is an under median plan, in Part 2.3, the Debtors have proposed to contribute taxes for the years of 2014-2028 as well as proposes the Applicable Commitment Period is 60 months.

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: October 30, 2024                              Tami Gadd
                                                     Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on October 30, 2024:

DANE L. HINES, ECF Notification

/s/ Pauline Thayne